```
                 IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF TEXAS
                          DALLAS DIVISION
```

CANAL INDEMNITY COMPANY,        §
                                §
                 Plaintiff,     §
                                § Civil Action No. 3:09-CV-0451-D
VS.                             §
                                §
PALMVIEW FAST FREIGHT           §
TRANSPORTATION, INC., et al.,   §
                                §
                 Defendants.    §

                       MEMORANDUM OPINION
                          AND ORDER

Defendant Flavio Salinas ("Salinas") moves under 28 U.S.C. § 1404(a) to transfer the instant insurance coverage dispute to the Southern District of Texas, McAllen Division. For the reasons that follow, the court denies the motion.

I

Plaintiff Canal Indemnity Company ("Canal") sues defendants Palmview Fast Freight Transportation, Inc. ("Palmview"),[1] Ricardo Vela ("Vela"), and Salinas seeking a declaratory judgment that Canal had no duty to defend or indemnify Palmview or Vela in a state court action. Salinas, a resident of Hidalgo County, Texas, filed suit in a Texas state court located in Hidalgo County to recover for personal injuries sustained in Dallas, Texas during the course of his employment with Palmview. *See Salinas v. Palmview Fast Freight Transp., Inc.*, No. C-041-08-I (398th Dist. Ct., Hidalgo County, Tex.) (the "Underlying Lawsuit"). Palmview is a

---

[1] Palmview is in default.

Texas corporation that is owned by Vela,[2] also a resident of Hidalgo County, Texas. Following a verdict in Salinas' favor, the Texas state court entered judgment for Salinas.

Vela, doing business as Palmview, was insured under a policy (the "Policy") issued by Canal, a South Carolina corporation. Before the verdict was returned in the Underlying Lawsuit, Canal filed the instant declaratory judgment action. After the verdict was returned, Vela filed suit in Texas state court in Hidalgo County seeking a judgment declaring that he is covered under the Policy and a recovery against Canal for breach of contract (the "Vela Lawsuit"). Vela alleges that he was prejudiced by the actions of the attorney whom Canal provided him to defend the Underlying Lawsuit.

Canal removed the Vela Lawsuit to Southern District of Texas, McAllen Division. The Southern District of Texas later granted Canal's motion to transfer the Vela Lawsuit to this court. That case was originally assigned to another judge's docket and has been reassigned to the undersigned's docket. The parties agree that the two cases should be consolidated. Despite this, Salinas continues to request this suit be transferred to the Southern District of Texas. Canal opposes the motion.

---

[2]Canal added Vela as a defendant in its second amended complaint.

II

Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  "The decision to transfer is made to prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense."  *Bank One, N.A. v. Euro-Alamo Invs., Inc.,* 211 F.Supp.2d 808, 811 (N.D. Tex. 2002) (Fitzwater, J.) (citing *Stabler v. N.Y. Times Co.,* 569 F. Supp. 1131, 1137 (S.D. Tex. 1983)).  The court cannot transfer a case where the result is merely to shift the inconvenience of the venue from one party to the other.  *Fowler v. Broussard,* 2001 WL 184237, at *6 (N.D. Tex. Jan. 22, 2001) (Fitzwater, J.) (citing *Enserch Int'l Exploration, Inc. v. Attock Oil Co.,* 656 F. Supp. 1162, 1167 n.15 (N.D. Tex. 1987) (Fitzwater, J.)).  Moreover,

> [t]he plaintiff's choice of venue is . . . entitled to deference, and therefore the party seeking transfer has the burden to show good cause for the transfer.  The burden on the movant is "significant," and for a transfer to be granted, the transferee venue must be "clearly more convenient than the venue chosen by the plaintiff."

*AT & T Intellectual Prop. I, L.P. v. Airbiquity Inc.*, 2009 WL 774350, at *1 (N.D. Tex. Mar. 24, 2009) (Lynn, J.) (footnotes omitted) (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("*Volkswagen II*")).

The court must decide as a preliminary question "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG,* 371 F.3d 201, 203 (5th Cir. 2004) (per curiam) ("*Volkswagen I*"); *Volkswagen II*, 545 F.3d at 312 ("The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue."). Once the court resolves this issue, the court must in deciding whether to transfer the case evaluate "a number of private and public interest factors, none of which are given dispositive weight." *Volkswagen I*, 371 F.3d at 203 (citing *Action Indus., Inc. v. U.S. Fid. & Guar. Co.,* 358 F.3d 337, 340 (5th Cir. 2004)).

> The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or] the application of foreign law.

*Id.* (citations and quotation marks omitted; bracketed material added). "Although [these] factors are appropriate for most transfer cases, they are not necessarily exhaustive or exclusive." *Volkswagen II*, 545 F.3d at 315. Salinas must establish "good

- 4 -

cause" for transferring the case, meaning that, "in order to support [his] claim for a transfer, [he] must satisfy the statutory requirements and clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'" *Volkswagen II*, 545 F.3d at 315 (brackets in original) (quoting § 1404(a)).

### III

#### A

Salinas must first establish that the judicial district to which transfer is sought is a district in which this suit could have been filed.

> "[A] transfer is authorized by [28 U.S.C. § 1404(a)] only if the plaintiff had an 'unqualified right' to bring the action in the transferee forum at the time of the commencement of the action; i.e., venue must have been proper in the transferee district and the transferee court must have had power to command jurisdiction over all of the defendants."

*Ill. Union Ins. Co. v. Tri Core Inc.*, 191 F.Supp.2d 794, 797 (N.D. Tex. 2002) (Lynn, J.) (quoting *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3d Cir. 1970)) (brackets and quotation marks in original); *see also Liaw Su Teng v. Skaarup Shipping Corp.*, 743 F.2d 1140, 1148 (5th Cir. 1984), *overruled on other grounds by In re Air Crash Disaster Near New Orleans, La.*, 821 F.2d 1147 (5th Cir. 1987). Thus to transfer this case to the Southern District of Texas, the court must find that that district has both personal

jurisdiction over the defendants potentially being transferred and that the district is a proper venue for this action.

Canal does not dispute that it could have brought the instant action in the Southern District of Texas.  First, the Southern District of Texas has personal jurisdiction over the defendants because they are all Texas citizens.  Second, venue is governed by 28 U.S.C. § 1391(a), which provides that venue is proper in "a judicial district where any defendant resides."  Because all the defendants are residents of Hidalgo County, which is located within the Southern District of Texas, venue is proper in that district.

B

The court next considers the public and private interest factors.

1

The first private interest factor concerns the ease of access to evidence.  Canal asserts that, because this is an insurance coverage dispute, the evidence will consist of documents in the possession of the parties, and the case will focus on the legal interpretation of these documents.  Thus the evidence is just as accessible in Dallas as it would be in McAllen.  Salinas argues that, in addition to the legal interpretation of the insurance policy, the case will involve evidence of Vela's defense counsel's

actions at the trial of the Underlying Lawsuit.[3]  The court finds that the records of the Underlying Lawsuit, including the transcripts and other evidence relating to the trial of the Underlying Lawsuit, can easily be transported to Dallas.  This case will likely be decided based on documents, not physical evidence that is difficult to transport.  Accordingly, the first factor favors retaining the case in this district.

2

The second and third factors concern the availability of compulsory process over witnesses and the difficulty and cost of witnesses attending the court proceedings.  Salinas does not clearly identify any factual witnesses who may be needed, although his motion mentions Vela's defense counsel in the Underlying Lawsuit and other witnesses from that case who may testify as to the adequacy of Vela's defense.  Additionally, Salinas notes he may need as a witness a corporate representative of Canal, who "most likely resides in South Carolina."  D. Salinas Br. 6.  Canal responds that witnesses should not be necessary in this case.  Salinas' proposed witnesses do not relate to Canal's claims in this lawsuit; they pertain to Vela's claims in the Vela Lawsuit.  But even assuming that witnesses are needed in this case, any corporate

---

[3]The court notes that issues of the adequacy of Vela's defense may be part of Salinas' claim in the Vela Lawsuit, but they are not presently within the scope of Canal's complaint or Salinas' answer in this case.

- 7 -

representative of Canal is within Canal's control and can be compelled to attend proceedings in Dallas. *See, e.g., Your Town Yellow Pages, L.L.C. v. Liberty Press, L.L.C.*, 2009 WL 3645094, at *13 (N.D. Tex. Nov. 2, 2009) (Fitzwater, C.J.). The other witnesses would likely be residents of Hidalgo County, which is located more than 500 miles from Dallas and is outside of the 100-mile subpoena range mentioned in *Volkswagen I*. *See Volkswagen I*, 545 F.3d at 204-05 ("When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled."). There is no indication that any possible witnesses reside in Dallas. Therefore, the potential need to subpoena witnesses residing in Hidalgo County weighs in favor of transfer, but not heavily, because it is unclear whether specific fact witnesses who are outside party control will be needed.

3

The fourth private interest factor examines the practical problems that make trial of a case easy, expeditious, and inexpensive. Canal points out that this action has been pending in this court for almost one year. Additionally, the Vela Lawsuit has now been transferred to this court and is subject to being consolidated with this suit. To avoid "tossing cases back and forth to the detriment of an adjudication of the underlying merits

- 8 -

of the case," *In re Cragar Industries, Inc.*, 706 F.2d 503, 505 (5th Cir. 1983), the court finds that this suit should not be transferred, because a transfer would likely necessitate the re-transfer of the Vela Lawsuit as well. "If the motion to transfer is granted and the case is transferred to another district, the transferee-district should accept the ruling on the transfer as the law of the case and should not re-transfer except under the most impelling and unusual circumstances or if the transfer order is manifestly erroneous." *United States v. Koenig*, 290 F.2d 166, 173 n.11 (5th Cir. 1961) (internal citations and quotation marks omitted), *aff'd*, 369 U.S. 121 (1962). This fourth factor weighs heavily against transfer.

C

The court now considers the public interest factors.

1

First, the court evaluates differences in the administrative difficulties flowing from court congestion among the potential venues. Salinas offers no evidence regarding this factor. Canal states that transfer is unwise because "docket congestion in the McAllen Division is excessively heavy," Canal Br. 7, although it offers no support for this assertion. This factor does not weigh in favor of transfer.

2

The second factor considers the local interest in the dispute. While Salinas' underlying injury occurred in Dallas, the instant action involves insurance coverage, not the injury directly. The insured resides in Hidalgo County, and the underlying trial and disputed actions of Vela's defense counsel occurred there. There is perhaps more local interest in this dispute in Hidalgo County, but this factor does not weigh heavily in favor of transferring the case because both fora bear some relation to the action.

3

The third and fourth factors relate to the potential for transfer to generate a conflict of laws or a court having to apply unfamiliar laws of other states. These factors are neutral as both venues are in Texas.

D

Considering all of the factors together, the court finds that Salinas has failed to demonstrate good cause to transfer this case to the Southern District of Texas. Canal's choice of this forum is entitled to deference. It would promote the convenience of the parties and witnesses and be in the interest of justice to litigate both cases here in the Northern District rather than to re-transfer the Vela Lawsuit to the Southern District of Texas so that both cases can be litigated in that forum. The inconvenience to the parties of retaining this case in this court is likely to be slight

considering that most of the evidence will probably be presented in the form of documents or through witnesses who are under party control. And the public interest does not favor transfer because the case relates to both Dallas and Hidalgo Counties and there is no difference in the law between the two venues.

\* \* \*

For the reasons explained, the court denies Salinas' December 11, 2009 motion to transfer venue. His request for an award of expenses, including reasonable attorney's fees for the filing of this motion, is also denied.

**SO ORDERED.**

February 24, 2010.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE